```
                                           USDC SDNY
                                           DOCUMENT
                                           ELECTRONICALLY FILED
                                           DOC #: _____
                                           DATE FILED: 11/07/2018
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------- X
UTIL AUDITORS, LLC,                       :
                                          :
                  Plaintiff,              :
                                          :
     -against-                            :     No. 17 Civ. 4673 (JFK)
                                          :     **OPINION & ORDER**
HONEYWELL INTERNATIONAL INC.,             :
                                          :
                  Defendant.              :
                                          :
----------------------------------------- X

<u>APPEARANCES</u>

FOR PLAINTIFF UTIL AUDITORS, LLC
    Jason Louis Solotaroff
    GISKAN, SOLOTAROFF & ANDERSON LLP

FOR DEFENDANT HONEYWELL INTERNATIONAL INC.
    Creighton Reid Magid
    Kaleb McNeely
    DORSEY & WHITNEY LLP

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Defendant Honeywell International Inc.'s ("Honeywell") motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Util Auditors, LLC's ("Util") complaint. For the reasons below, Honeywell's motion is granted.

## I. <u>Background</u>

### A. Factual Background

    The following facts and allegations are taken from the complaint and, at this stage, must be deemed to be true. Plaintiff Util is a limited liability corporation with its

1

principal place of business in Florida, where both of its members are domiciled. (Compl. ¶ 9, ECF No. 1 (filed June 21, 2017).)  Defendant Honeywell is a Delaware corporation with its principal place of business in New Jersey. (Id. ¶ 10.)

Util provides auditing services that identify ways for companies to save money on their utility bills and service contracts. (Id. ¶¶ 1, 11.)  On March 17, 2016, Util and Honeywell entered into a Master Services Agreement (the "Agreement") which specified that Util would (1) conduct an "invoice analysis" by identifying surcharges, consumption errors, penalties, and taxes which Honeywell could recover and (2) perform a "savings implementation" to help Honeywell implement Util's recommendations. (Id. ¶¶ 14-15.)  In exchange for these services, Honeywell would pay Util 10 or 15 percent of "total past generated savings" per year depending on the annual energy expenditure of the sites with savings. (Id. ¶ 16.)

On May 24, 2016, Util began its work. (Id. ¶ 18.)  Util alleges that, from the outset, Honeywell deviated from the Agreement by requesting that Util proceed with only the largest facilities first and withholding data and invoices from its other facilities. (Id. ¶ 3.)  To accommodate its client, Util agreed to this request, under the condition that Honeywell would eventually send all invoices, as originally agreed. (Id.)

2

Soon thereafter, Util identified savings opportunities for Honeywell in Arizona, Kansas, Louisiana, New Mexico, and "other states." (Id. ¶¶ 18-20.) In July 2016, Honeywell facilities in Kansas and New Mexico approved the pursuit of the Util-identified exemptions and refunds. (Id. ¶ 19.)

On August 29, 2016, Util had a call with Ray Merchant ("Merchant") and other members of Honeywell's Tax Department during which Merchant informed Util that he felt there was no value to its services and that Honeywell was capable of identifying these savings opportunities itself. (Id. ¶ 21.) In subsequent communications, however, Honeywell employee Cristian Olteanu ("Olteanu") advised Util that, though Honeywell would be using internal resources to complete the cost reductions project, Util would still be compensated pursuant to the Agreement. (Id. ¶ 22.)

On December 1, 2016, Olteanu requested Util's assistance in compiling information to obtain the Util-identified exemptions in Arizona, Kansas, and New Mexico. (Id. ¶ 23.) Though Util expressed "its discomfort and fear that it was being used and circumvented," it agreed to provide assistance. (Id.)

On January 4, 2017, Olteanu informed Util that Honeywell had determined that it did not meet the criteria for a manufacturer's exemption in Arizona. (Id. ¶ 24.) Nevertheless, in February 2017, Honeywell changed its status with the Arizona

3

Power Service Electric Company ("APS") in line with the opportunity Util had identified. (Id. ¶ 25.) Util alleges that this change proves that Olteanu was not being truthful and that Honeywell did, in fact, believe it met the criteria. (Id.)

On March 9, 2017, Honeywell terminated the Agreement. (Id. ¶ 26.) The next day, Olteanu falsely represented to Util that Honeywell had not pursued any of Util's recommendations. (Id.)

On April 5, 2017, APS informed Util that Honeywell could receive a refund of prior taxes paid by requesting one and providing limited additional information. (Id. ¶ 27.) Util alleges, on information and belief, that Honeywell has received such exemptions and refunds in Arizona and elsewhere based on Util's work. (Id.) This, Util believes, entitles them to $369,300 plus $88,000 a year for its Arizona, Kansas, and New Mexico work alone. (Id. ¶¶ 28-29.) To date, however, Honeywell has made no payments. (Id. ¶ 26.)

### B. Procedural History

On June 21, 2017, Util filed a complaint alleging one count for breach of contract and one count for breach of the covenant of good faith and fair dealing, both under New York law. (Id. ¶¶ 31-40.)

On October 4, 2017, Honeywell filed the instant motion, under Rule 12(b)(6), to dismiss the complaint.

### II. Legal Standard

4

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court's charge in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). The Court must construe the complaint in the light most favorable to the plaintiff, "taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). The Court, however, is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678. A complaint that offers such "labels and conclusions" or naked assertions without "further factual enhancement" will not survive a motion to dismiss. Id. (citing Twombly, 550 U.S. at 555, 557).

### III. Discussion

Honeywell argues that Util has failed "to allege facts sufficient to establish a plausible claim of breach of contract

5

or of breach of the covenant of good faith and fair dealing." (Mem. of L. in Supp. of Mot. to Dismiss, at 4, ECF No. 18 (filed Oct. 4, 2017) [hereinafter "Supp."].)

### A. Breach of Contract

To state a claim for breach of contract under New York law, a plaintiff must allege "(1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." Fischer & Mandell, LLP v. Citibank, N.A., 632 F.3d 793, 799 (2d Cir. 2011) (citations omitted).

Honeywell argues that Util has failed to state a breach of contract claim as Util has failed to allege damages. (Supp. at 5-6.) Pursuant to the Agreement, Honeywell argues, it owed Util no fees unless Honeywell approved the Util-identified savings measures, Util implemented the approved measures, and the measures yielded savings. (Def.'s Reply in Supp. of Mot. to Dismiss, at 3, ECF No. 19 (filed Oct. 4, 2017) [hereinafter "Reply"] (citing Services Agreement, at 15-16, ECF No. 18-2 at Ex. A [hereinafter "Agreement"]; Compl. ¶ 15-17).) As the complaint fails to allege that Util provided these services, Honeywell argues, it failed to allege damages. (Id.)

#### 1. Honeywell's Failure to Pay Util for Savings

The complaint alleges Honeywell breached the Agreement when Honeywell obtained savings as a result of Util's work, but failed to pay the percentage the Agreement required. (Compl. ¶

6

34.) Util argues that it adequately pled damages, which it describes as the contingent share Honeywell owes Util on savings it identified and Honeywell implemented in Arizona and "other states." (Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss, at 6, ECF No. 20 (filed Oct. 5, 2017) [hereinafter "Opp."].)

Pursuant to the Agreement's "process description," after Util made its recommendations and Honeywell approved them, "Util auditors [would] obtain historical documentation directly from providers," which Util would then use to perform a detailed audit and implement the approved recommendations. (Agreement at 16.) Once the audit and implementation were complete, Util would "validate that the cost reductions ha[d] been implemented by verifying cost savings on the first billing cycle following implementation," and following up with providers as necessary. (Id.) Following validation, Util would send Honeywell an invoice for "savings [that] can be clearly demonstrated." (Id. at 16-17.) Additionally, where applicable, Util would "provide ongoing analysis to demonstrate how cost savings [were] being achieved." (Id.) The Agreement also specified that "Honeywell may, at any time, terminate th[e] Agreement . . . in whole or in part, with or without cause, without liability or obligation, for Services not yet performed." (Agreement § 4.2.) Should such termination occur, "Honeywell's sole liability to [Util], and

7

[Util's] sole and exclusive remedy, [would be] payment for Services fully performed." (Id. § 4.4.)

The complaint alleges that Util identified savings opportunities at Honeywell facilities in Arizona, Kansas, Louisiana, and New Mexico and that Honeywell approved further pursuit of those opportunities in Arizona, Kansas, and New Mexico. (Compl. ¶¶ 18-20, 23.) The complaint further alleges that Honeywell terminated the Agreement. (Id. ¶¶ 27, 29.) Absent from the complaint, however, are any allegations that Util implemented its recommended changes or validated the cost reductions. Because the terms of the Agreement state that Util's sole and exclusive remedy upon termination of the Agreement is for payment for services fully performed and the complaint makes no allegations that Util fully performed the required services, Util has not plausibly alleged that it is entitled damages equivalent to a contingent share of savings. As such, Util has failed to plead a necessary element of its breach of contract claim.

**2. Honeywell's Failure to Provide Util with Required Data**

Util further alleges that Honeywell breached the Agreement when it failed to provide Util all of the data required under the Agreement. (Compl. ¶ 34.) Util says it was damaged by this failure as it lowered its usual fee, 22.5 percent of savings, to 10 or 15 percent of savings in exchange for access to all

8

Honeywell invoices and, thus, "to the extent Util is owed a contingent share on Honeywell's recoveries in Arizona or elsewhere, it could claim its standard percentage." (Id. at 8; Compl. ¶¶ 13, 16.)  This theory of damages clearly depends on Honeywell owing Util a contingent share which, as the Court explained above, Util has failed to adequately allege. Accordingly, Util has failed to adequately allege damages.

Util also claims it was damaged by this breach as "it is certainly plausible that had Honeywell provided all of its invoices as promised, Util would have been able to identify additional savings and recovery opportunities and Honeywell would not have cancelled the [Agreement]." (Opp. at 8.)  Neither this argument, nor any allegations that would allow the Court to infer this conclusion, appear in the complaint.  As such, the Court may not credit it in deciding a motion to dismiss. Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007); Kramer v. Time Warner, 937 F.2d 767, 773 (2d Cir. 1991).  Moreover, even if this argument and supporting facts had appeared in the complaint, it is not clear how termination of the Agreement, in and of itself, damaged Util.  As such, Util has again failed to adequately allege damages and thus a breach of contract claim.

### B. Breach of Covenant of Good Faith & Fair Dealing

Under New York law, "a covenant of good faith and fair dealing in the course of contract performance" is "[i]mplicit in

9

all contracts." Dalton v. Educ. Testing Serv., 87 N.Y.2d 384, 389 (1995) (citation omitted).[1] Proof of damages is an element of an implied covenant of good faith and fair dealing claim. Sec. Plans, Inc. v. CUNA Mutual Ins. Soc'y, 726 Fed. App'x 17, 20 n.2 (2d Cir. 2018) (summary order) (citing RXR WWP Owner LLC v. WWP Sponsor, LLC, 17 N.Y.S.3d 698, 700 (1st Dep't 2015)).

Honeywell argues that Util has failed to plead a breach of the covenant claim since it has not adequately pled damages. (Supp. at 6.)

### 1. Honeywell's Refund Avoidance

The complaint alleges that Honeywell breached the covenant of good faith and fair dealing by deliberately failing to apply for refunds for which it was eligible. (Id. ¶ 38.) Util claims that the damages proximately caused by this breach are the "contingent payments it would have received had Honeywell applied for the refunds." (Opp. at 9).

As specified above, under the Agreement's terms, Honeywell is only required to pay Util if Util fully performed certain services (Agreement at 16, § 4.4) that the complaint does not

---

[1] Plaintiff erroneously alleges that the elements for breach of the covenant stated in Washington v. Kellwood Co. are New York law. (Opp. at 8 (citing Washington v. Kellwood Co., No. 05 Civ. 10034 (DAB), 2009 WL 855652, at *6 (S.D.N.Y. Mar. 24, 2009)).) Following the chain of citations makes clear that these are the elements under Illinois—not New York—law. Washington, 2009 WL 855652, at *6 (citing Boyd v. University of Illinois, No. 86 Civ. 9327 (TPG), 2001 WL 246402, at *10 (S.D.N.Y. Mar. 13, 2001) (applying Illinois law and citing cases in Illinois federal and state courts for the elements)).

allege Util performed.  Thus, even if Honeywell had applied for these refunds, Util was not entitled to any contingent payment.  As the contingent payment is the damages Util alleges, Util has not adequately alleged damages from this breach and, thus, has failed to adequately state a breach of the covenant claim.

### 2. Honeywell's Failure to Pay Util for Savings

The complaint further alleges that Honeywell breached the covenant when it terminated the Agreement, but continued to use Util's work product to generate savings "at other facilities in the U.S." (Id. ¶ 39.)

As stated above, the complaint fails to make any adequate allegations that Util suffered damages from Honeywell's use of Util's work product.  Accordingly, this claim, like the others, is not adequately pled.

### IV. Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Amendment is not warranted, however, "absent some indication as to what [a plaintiff] might add to [its] complaint in order to make it viable." Shemian v. Research In Motion Ltd., 570 F. App'x 32, 37 (2d Cir. 2014) (quoting Horoshko v. Citibank, N.A., 373 F.3d 248, 249 (2d Cir. 2004)).

11

Accordingly, should Plaintiff wish to amend its complaint, it must demonstrate (1) how it will cure the deficiencies in its claims by filing a proposed amended complaint and (2) that justice requires granting leave to amend. Such demonstration shall be filed within 30 days of the date of this Opinion.

## Conclusion

For the reasons stated above, Plaintiff Util has failed to adequately state either of its claims against Defendant Honeywell. Honeywell's motion to dismiss Util's complaint is therefore GRANTED without prejudice.

Accordingly, the Clerk of Court is respectfully directed to terminate the motion docketed at ECF No. 18.

**SO ORDERED.**

Dated: New York, New York
November 6, 2018

John F. Keenan
United States District Judge